# EXHIBIT B

| | |
|---|---|
| WEISBERG LAW<br>Matthew B. Weisberg, Esquire<br>Attorney ID No. 85570<br>David A. Berlin, Esquire<br>Attorney ID No. 314400<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0801<br>Fax: 610-690-0880 | SCHAFKOPF LAW, LLC<br>Gary Schafkopf, Esquire<br>Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-283-1334<br><br>*Attorneys for Plaintiff* |

*Filed and Attested by the Office of Judicial Records*

| | | |
|---|---|---|
| **JERIAMIYAH EDWARDS**<br>C/O Weisberg Law<br>7 S. Morton Avenue<br>Morton, PA 19070 | : <br> : <br> : <br> : <br> : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>No. 250100204 |
| Plaintiff<br>v. | : <br> : <br> : <br> : | |
| **BUTLER COUNTY d/b/a BUTLER COUNTY PRISON**<br>202 S. Washington Street<br>Butler, PA 16001 | : <br> : <br> : <br> : <br> : | **Jury of Twelve (12) Jurors Demanded** |
| And | : <br> : | |
| **Joe DeMORE, In His Individual and Official Capacity as Warden of Butler County Prison**<br>202 S. Washington Street<br>Butler, PA 16001 | : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| **CAPTAIN RUSSELL, Individually**<br>202 S. Washington Street<br>Butler, PA 16001 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **CAPTAIN J. KENGERSKI, Individually**<br>202 S. Washington Street<br>Butler, PA 16001 | : <br> : <br> : <br> : | |
| And | : <br> : | |

Case ID: 250100204

| | |
|---|---|
| **SARGEANT OR CORRECTIONS OFFICER K. DECKER, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **CORRECTIONS OFFICE QUINN, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **CORRECTIONS OFFICER MCCLURE, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **CORRECTIONS OFFICER MILLER, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **CORRECTION OFFICER JORDAN, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **CORRECTIONS OFFICER REISER, Individually** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : <br> : |
| And | : <br> : |
| **JANE AND JOHN DOE, CORRECTIONS OFFICERS** <br> 202 S. Washington Street <br> Butler, PA 16001 | : <br> : <br> : <br> : |

Case ID: 250100204

|  |  |
|---|---|
| And | : |
|  | : |
| **PRIMECARE MEDICAL, INC.** | : |
| 3940 Locust Lane | : |
| Harrisburg, PA 17109 | : |
|  | : |
| And | : |
|  | : |
| **HEAD DOCTOR, Individually and In Their Official Capacity as Head Doctor of Butler County Prison** | : |
| Prime Care Medical, Inc. | : |
| 3940 Locust Lane | : |
| Harrisburg, PA 17109 | : |
|  | : |
| And | : |
|  | : |
| **JOHN AND JANE DOE MEDICAL STAFF AT BUTLER COUNTY PRISON, Individually** | : |
| 202 S. Washington Street | : |
| Butler, PA 16001 | : |
|  | : |
| Defendants. | : |
|  | : |

## **NOTICE TO DEFEND**

| NOTICE | *AVISO* |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO |

Case ID: 250100204

| | |
|---|---|
| NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br><br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO. |

Philadelphia Bar Association

Lawyer Reference and Information Service

1101 Market St, Philadelphia, PA 19107

215-238-6333

| | |
|---|---|
| WEISBERG LAW | SCHAFKOPF LAW LLC |
| Matthew B. Weisberg, Esquire | Gary Schafkopf, Esquire |
| Attorney ID No. 85570 | Attorney ID No. 83362 |
| David A. Berlin, Esquire | 11 Bala Ave |
| Attorney ID No. 314400 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

| | | |
|---|---|---|
| **JERIAMIYAH EDWARDS** | : | PHILADELPHIA COUNTY COURT OF |
| C/O Weisberg Law | : | COMMON PLEAS |
| 7 S. Morton Avenue | : | |
| Morton, PA 19070 | : | No. 250100204 |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | **Jury of Twelve (12) Jurors Demanded** |
| **BUTLER COUNTY d/b/a BUTLER** | : | |
| **COUNTY PRISON** | : | |
| 202 S. Washington Street | : | |
| Butler, PA 16001 | : | |
| | : | |
| And | : | |
| | : | |
| **JOE DEMORE, In His Individual and** | : | |
| **Official Capacity as Warden of Butler** | : | |
| **County Prison** | : | |
| 202 S. Washington Street | : | |
| Butler, PA 16001 | : | |
| | : | |
| And | : | |
| | : | |
| **CAPTAIN RUSSELL, Individually** | : | |
| 202 S. Washington Street | : | |
| Butler, PA 16001 | : | |
| | : | |
| And | : | |
| | : | |
| **CAPTAIN J. KENGERSKI, Individually** | : | |
| 202 S. Washington Street | : | |
| Butler, PA 16001 | : | |
| | : | |
| And | : | |
| | : | |
| | : | |

Case ID: 250100204

**SARGEANT OR CORRECTIONS OFFICER K. DECKER, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**CORRECTIONS OFFICE QUINN, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**CORRECTIONS OFFICER MCCLURE, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**CORRECTIONS OFFICER MILLER, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**CORRECTION OFFICER JORDAN, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**CORRECTIONS OFFICER REISER, Individually** :
202 S. Washington Street :
Butler, PA 16001 :
:
And :
:
**JANE AND JOHN DOE, CORRECTIONS OFFICERS** :
202 S. Washington Street :
Butler, PA 16001 :

Case ID: 250100204

|  | : |
|---|---|
| And | : |
|  | : |
| **PRIMECARE MEDICAL, INC.** | : |
| 3940 Locust Lane | : |
| Harrisburg, PA 17109 | : |
|  | : |
| And | : |
|  | : |
| **HEAD DOCTOR, Individually and In Their** | : |
| **Official Capacity as Head Doctor of Butler** | : |
| **County Prison** | : |
| Prime Care Medical, Inc. | : |
| 3940 Locust Lane | : |
| Harrisburg, PA 17109 | : |
|  | : |
| And | : |
|  | : |
| **JOHN AND JANE DOE MEDICAL STAFF** | : |
| **AT BUTLER COUNTY PRISON,** | : |
| **Individually** | : |
| 202 S. Washington Street | : |
| Butler, PA 16001 | : |
|  | : |
| Defendants. | : |
|  | : |

## CIVIL ACTION COMPLAINT

### NATURE OF THE ACTION

Plaintiff, brings this lawsuit against Defendants to remedy violations of his civil rights on the part of Defendants. Defendants allowed and/or failed to protect from being Plaintiff attacked by a corrections officer and other inmates, causing him to suffer, *inter alia*, damage to his physical and mental well-being without legal justification.

### PARTIES

1. Plaintiff, Jeriamiyah Edwards, is an adult male, currently incarcerated at Butler County Prison. Plaintiff can be served care of his attorneys at the above-captioned address. At all times material, Plaintiff was incarcerated at Butler County Prison.

Case ID: 250100204

2. Defendant, Butler County d/b/a Butler County Prison ("Prison") is a prison that, at all times material herein, acted in its official capacity

3. Defendant, Joe DeMore ("DeMore"), is an adult individual who, at all times material herein, acted individually and in his official capacity Warden for Butler County Prison.

4. Defendant, Captain Russell ("Russell"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

5. Defendant, Captain Kengerski ("Kengerski"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

6. Defendant, Sergeant/Captain K. Decker ("Decker"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

7. Defendant, Corrections Officer Quinn ("Quinn"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

8. Defendant, Corrections Officer McClure ("McClure"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

9. Defendant, Corrections Officer Miller ("Miller"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

10. Defendant, Corrections Officer Jordan ("Jordan"), who's first name is currently unknown, is

an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

11. Defendant, Corrections Officer Reiser ("Reiser"), who's first name is currently unknown, is an adult individual who, at all times material herein, acted individually as a corrections officer at Butler.

12. Defendants, John and Jane Doe Corrections Officers, are adult individuals who, at all times material herein, acted in their individual capacities as a corrections officers at Butler. Defendants where present and/or involved in the attack on Plaintiff.

13. Defendant, PrimeCare Medical, Inc., ("Primecare") is a Pennsylvania limited liability, for profit corporation doing business at all times pertinent to this Complaint, inter alia, at the above facility in Butler County. At all times material to the allegations of this Complaint Primecare, a vendor, contracted with the county for the provision of medical and health services, and was responsible for providing prison health services and appropriate and timely care and treatment to inmates, and generally protecting the medical welfare of inmates at various facilities in Pennsylvania, including at all the state correctional institutes, where plaintiff has been housed.

14. Defendant, Head Physician at Butler, whose first and last name is unknown, is an adult individual who, at all times material herein, acted individually and in his official capacity as Head Physician/Doctor for PrimeCare.

15. Defendants, John and Jane Doe medical staff, are adult individuals who, at all times material herein, acted individually as a medical staff for PrimeCare.

16. Jurisdiction and venue are proper as all events underlying this action occurred in or around Philadelphia County, Pennsylvania.

## OPERATIVE FACTS

### *Abuse by Corrections Officers*

17. The above paragraphs are incorporated herein by reference.

18. In or around January 2023, Plaintiff an inmate at Butler, was housed in the Restricted Housing Unit ("RHU").

19. Prisoners are generally housed in the RHU for violating prison rules; threatening the security of others; or protecting them from significant threats to their own safety.

20. Throughout his stay at Butler, Plaintiff has experienced extreme abuse and medical neglect.

21. On or about January 17, 2023, Plaintiff was escorted to the RHU when he was suddenly punched in the back of the head by Jane/John Doe corrections officer.

22. That same day, Plaintiff put in a restraint chair by John/Jane Doe corrections officers and water boarded.

23. Water boarding is a form of torture in which water is poured over a cloth covering the face and breathing passages of an immobilized individual, causing the person to experience the sensation of drowning.

24. Plaintiff was then punched in the face and called a "nigger" by Defendant Russell. The injuries of Plaintiff's face were visible.

25. On or about January 18, 2023, Plaintiff's mental health provider medical that Plaintiff needed to be treated for the cuts and bruises to his face.

26. Following these attacks, Plaintiff was continuously harassed by John and Jane Doe corrections officers. These dates include but are not limited to: 1/18/23, 1/19/23, 1/20/23, 1/21/23, and 1/22/23.

27. On or about January 24, 2023, Plaintiff put in an electronic request slip stating that he no longer feel safe.

28. On or about January 28, 2023, Plaintiff was taken from his cell and sprayed with a pressurized riot tank of O.C. (pepper spray) by John/Jane Doe Corrections officers. Defendant Kengerski was present.

29. Upon information and belief, Defendant Kengerski ordered the handheld camera be disabled.

30. The pepper spray got in Plaintiff's eyes.

31. Plaintiff was then put in a restraint chair and was unable to rinse his eyes. Plaintiff's left eye was swollen shut.

32. Several hours later, Plaintiff was finally able to rinse his eyes.

33. Upon information and belief, Defendants Decker, McClure, Miller, Jordan and Reiser, participated in or were present during the attacks on Plaintiff.

34. Following this incident, Plaintiff suffered from severe eye pain and asked to see medical several times.

35. Upon information and belief, medical refused to come see Plaintiff because he was in the Behavioral Management Unit (BMU).

36. From approximately January 29, 2023, until the middle of February 2024, Plaintiff continuously asked to see medical and put in sick calls.

37. Plaintiff's requests were denied.

38. Upon information and belief, John and/or Jane Doe Nurses and Head Physician knew or should have known that Plaintiff was not receiving proper medical care.

39. Eventually, Plaintiff was seen by medical and diagnosed with Chemical Conjunctivitis and given eye drops.

40. Plaintiff's symptoms did not improve and he submitted several more requests to see medical.

41. On or about March 15, 2024, Plaintiff was finally seen by medical and referred out to see Butler Eye Care.

42. On or about April 11, 2024, Plaintiff was diagnosed by Butler Eye Care with chronic eye inflammation and given steroid eye drops.

43. Despite his treatment, Plaintiff's eyes failed to improve.

44. On or about July 13, 2024, Butler Eye Care advised Plaintiff that he had permanent eye damage.

45. Upon information and belief, John/Jane Doe Nurses and Head Physician knew or should have known that Plaintiff did not receive the proper medical care.

46. Upon information and belief, all Defendants knew or should have known about the deplorable treatment of Plaintiff and lack of medical care and should have done something about it.

47. Specifically, Defendants did not take the proper precautions to make sure that inmates were being treated properly. Upon information and belief, it was common for inmates not to be kept safe and provided with proper medical care. Upon information and belief, Defendant DeMore is the decision makers regarding the aforesaid custom, policy, and/or practice.

48. Plaintiff continues to have eye and vision problems.

### *Sexual Assault*

49. In or around September 2024, while on suicide watch, and wearing nothing but a suicide smock, Plaintiff was placed in a cell with another inmate.

50. Due to Plaintiff's mental health issues, he is not to be placed in a cell with another inmate.

51. That inmate sexually assaulted Plaintiff.

52. Since the assault, Plaintiff has submitted multiple PREA complaints and grievances but nothing has been done.

53. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs including, allowing/failing to protect inmates from assault by other corrections officers and/or inmates

54. Upon information and belief, Defendant DeMore is the final decision makers for Defendant Butler's policies.

55. Plaintiff suffered harm due to the Defendants' conduct.

56. Plaintiff has suffered and continues to suffer severe physical and psychological stress as a result of Defendants' conduct.

## CLAIMS

### COUNT I
### VIOLATION-FAILURE TO PROTECT/FAILURE TO KEEP SAFE/ CRUEL AND UNUSUAL PUNISHMENT
**Plaintiff v. Defendants Demore, Russell, Kengerski, Decker, McClure, Miller, Jordan, Reiser, John/Jane Doe Corrections Officers, John/Jane Doe Nurses and Head Physician in their individual capacities**

57. The above paragraphs are incorporated herein by reference.

58. The United States Constitution protects individuals from having "cruel and unusual punishments inflicted" by government actors. U.S. Const. Amend. VIII; *see* Pa. Const. Art. I, §3.

59. Defendants failed to protect Plaintiff from being assaulted by another inmate.

60. Defendants' actions stated above, *inter alia,* were violations of Plaintiff's clearly established and well-settled state and federal Constitutional and other legal rights.

61. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

### COUNT II
### MONELL
**Plaintiff v. Defendant Butler**

62. The above paragraphs are hereby incorporated herein by reference.

63. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs including:

    a. Allowing/failing to protect inmates from assault by other inmates;

    b. Allowing/failing to protect inmates from assault by corrections officers;

    c. Not adequately providing medical care in a reasonable amount of time.

64. Upon information and belief, Defendant DeMore is the final decision makers for Defendant Northampton's policies.

65. Plaintiff suffered harm due to the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars

Case ID: 250100204

($50,000.00), together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

## COUNT III
### Negligence
*Plaintiff v. All Defendants*

66. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

67. At all times material, Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

    a. Failing to properly provide a safe environment for all inmates;

    b. Failing to protect the well-being of inmates;

    c. Failing to provide Plaintiff with proper medical care in a timely manner;

    d. Other conduct that deviated from the applicable standard of care.

68. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff suffered actual loss.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III.
### EXCESSIVE FORCE/ASSAULT AND BATTERY
**Plaintiff v. Defendants Demore, Russell, Kengerski, Decker, McClure, Miller, Jordan, Reiser, and John/Jane Doe Corrections in their individual capacities**

69. The above paragraphs are incorporated herein by reference.

70. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

71. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

72. Defendants placed Plaintiff in fear of physical harm and contact and then physically harmed and contacted Plaintiff without justification. Plaintiff suffered by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and at Common Law.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifty thousand dollars ($50,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

 

**WEISBERG LAW**

*/s/ David A. Berlin*
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
*Attorneys for Plaintiff*

| | |
|---|---|
| WEISBERG LAW | SCHAFKOPF LAW LLC |
| David A. Berlin, Esquire | Gary Schafkopf, Attorney ID No. 83362 |
| PA Attorney ID No. 314400 | 11 Bala Ave |
| Matthew B. Weisberg, Attorney ID No. 85570 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-283-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | |
| *Attorneys for Plaintiff* | |

| | | |
|---|---|---|
| **JERIAMIYAH EDWARDS** | : | PHILADELPHIA COUNTY COURT OF |
| | : | COMMON PLEAS |
| Plaintiff | : | |
| v. | : | |
| | : | CIVIL COMPLAINT NO. 250100204 |
| **BUTLER COUNTY d/b/a BUTLER** | : | |
| **COUNTY PRISON** | : | |
| | : | |
| Defendants. | : | JURY TRIAL OF TWELVE (12) |
| | : | JURORS DEMANDED |
| | : | |

### CERTIFICATE OF SERVICE

I, David Berlin, Esquire, hereby certify that on this 22nd day of May 2025, a true and correct copy of the foregoing Complaint was served upon all parties of record via e-filing.

                                                                      WEISBERG LAW

                                                                       /s/ David A. Berlin
                                                                       David A. Berlin, Esquire
                                                                       Matthew B. Weisberg, Esquire
                                                                       Attorneys for Plaintiff

**<u>VERIFICATION</u>**

I, David Berlin Esquire, hereby verifies that I am counsel for Plaintiff, Jeriamiyah Edwards**,** and herein states that the statements in the foregoing Second Amended Complaint are true and correct to the best of my knowledge, information and belief. I am making this verification on behalf of Plaintiff, Jeriamiyah Edwards**,** I acknowledge that the foregoing Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

                                                */s/ David Berlin*
                                             **DAVID BERLIN, ESQUIRE**

Dated: May 22, 2025

Case ID: 250100204